# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHNNY BUTLER** | § | |
| | | |
| **VS.** | § | **CIVIL ACTION NO. 5:11cv84** |
| | | |
| **COMMISSIONER OF SOCIAL** | | |
| **SECURITY ADMINISTRATION** | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's above-entitled and numbered social security cause of action be affirmed. Specifically, Plaintiff asserts his impairment meets Listing 1.04(A) and that additional relevant MRI and medical evidence from the University of Arkansas for Medical Sciences Southwest Family Practice Clinic supports this finding. According to Plaintiff, the Magistrate Judge erred in finding this new evidence immaterial.

After reviewing the transcript, the briefs of the parties, and the Report and Recommendation, the Court finds Plaintiff's objections are without merit. The new evidence attached to Plaintiff's brief includes UAMS medical records dated December 6, 2010, January 19, 2011, and February 1, 2011. The Fifth Circuit Court of Appeals has stated that, in order to support a remand, new evidence must be relevant and probative of the claimant's condition for the time period for which benefits

were denied. *See Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003). There must also be a reasonable likelihood that the new evidence would have changed the Commissioner's decision. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).An implicit requirement is that the new evidence pertain to the time period for which benefits are being sought and that it not concern later-acquired disabilities or the subsequent deterioration of a previously non-disabling condition. *See Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989)

The new medical records reveal that Plaintiff's chronic degenerative joint disease had improved with medications (Tr. 295). Plaintiff also continued to consider surgery as an option (Tr. 295). Although Plaintiff asserts he has no finances to pay for surgery, on October 25, 2010, Plaintiff noted that he was doing okay with his new dosage of Lortab and Ultram, and he specifically noted that he wanted to continue taking his medications as opposed to invasive interventions (Tr. 287). The record shows that Plaintiff received only conservative treatment for his symptoms (Tr. 15, 203, 231). Not only does the Court question whether the new evidence pertains to the time period for which benefits are being sought, but the Court also agrees with the Magistrate Judge that the new evidence is not material because it fails to provide a reasonable likelihood that it would have changed the Administrate Law Judge's decision.

The ALJ also noted that Plaintiff's subjective complaints of disabling pain were inconsistent with his extensive daily activities (Tr. 15). Plaintiff reported that his daily activities included attending to his personal needs and hygiene, sweeping, preparing simple meals, shopping, and attending church regularly (Tr. 15, 36-37, 145-46).The Court agrees with the Magistrate Judge that Plaintiff's arguments that his impairments meet or medically equal a Listing are without merit. Substantial evidence supports the ALJ's residual functional capacity determination finding Plaintiff

capable of performing light work.

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that the above-entitled Social Security action is **AFFIRMED**.

**It is SO ORDERED.**

**SIGNED this 9th day of August, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE